UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHOE REGIONAL PLANNING AGENCY,<br><br>              Plaintiff,<br><br>   v.<br><br>DANIL REZIAPKINE,<br><br>             Defendant. | No. 2:21-cv-02235-DAD-JDP<br><br>ORDER FINDING DEFENDANT IN CIVIL CONTEMPT OF ORDER AND JUDGMENT FILED JULY 21, 2023<br><br>(Doc. No. 38) |

This matter is before the court on the March 18, 2025 order to show cause why defendant should not be held in civil contempt. (Doc. No. 38.) On May 5, 2025, that order came before the court for hearing. Attorney Marsha Burch appeared on behalf of plaintiff Tahoe Regional Planning Agency. Defendant Danil Reziapkine did not appear at the hearing despite having been specifically ordered to do so. (Doc. No. 38.) Moreover, defendant Reziapkine's counsel of record, attorney Joe M. Laub, also failed to appear at the hearing despite having been ordered to do so.[1] (Doc. No. 37.) For the reasons that follow, the court finds defendant in civil contempt for

---

[1] At the hearing, the court found that the imposition of compensatory fine on attorney Laub due to his failure to comply with the court's orders and failure to appear was appropriate. (Doc. No. 42.) Accordingly, the court imposed compensatory fine of $150 against attorney Laub, payable to Clerk of Court. (*Id*.) As indicated on the record at the hearing, attorney Laub will have seven days from the date of the hearing to object to the fine imposed. Finally, attorney Laub is again informed that he remains counsel of record for defendant Reziapkine in this case until the court approves a substitution of attorneys or grants a motion to withdraw as counsel of record.

1

his failure to comply with the court's July 21, 2023 order and judgment permanently enjoining defendant from "operating a rental concession without a permit and from anchoring or mooring any watercraft that he owns or controls in the waters of Lake Tahoe, except for moorings that have been approved by plaintiff Tahoe Regional Planning Agency." (Doc. No. 31 at 2; 32 at 1.)

**BACKGROUND**

Plaintiff Tahoe Regional Planning Agency filed a complaint against defendant Danil Reziapkine initiating this action on December 3, 2021. (Doc. No. 1.) On November 1, 2022, the Clerk of Court entered default against defendant. (Doc. No. 20.) On December 28, 2022, defendant by and through counsel attempted to file an answer to the complaint.[2] (Doc. No. 21.) On January 18, 2023, plaintiff filed a motion to strike defendant's answer (Doc. No. 22), defendant did not file an opposition to the motion to strike, and on March 21, 2023, defendant did not appear through counsel or otherwise at the hearing on the motion (Doc. No. 25). The motion to strike defendant's answer was granted. (*Id.*)

On April 21, 2023, plaintiff filed a motion for default judgment. (Doc. No. 26.) Defendant filed no response, did not appear through counsel or otherwise at the June 1, 2023 hearing on the motion, and did not file objections to the magistrate judge's findings and recommendations. (Doc. No. 28.) On July 21, 2023, plaintiff's motion for default judgment was granted. (Doc. No. 31.) In that order, the court permanently enjoined defendant from "operating a rental concession without a permit and from anchoring or mooring any watercraft that he owns or controls in the waters of Lake Tahoe, except for moorings that have been approved by plaintiff Tahoe Regional Planning Agency" and ordered that defendant pay $75,000 in civil penalties. (Doc. No. 31 at 2.) In accordance with this order, judgment was entered. (Doc. No. 32.)

On February 4, 2025, plaintiff filed a motion for an order to show cause why defendant should not be held in civil contempt. (Doc. No. 36.) Therein, plaintiff seeks: (1) An order finding that defendant violated the court's judgment and order; (2) an order that defendant personally appear and show cause why he should not be sanctioned for failure to comply with the

---

[2] Since this filing attorney Laub has not filed anything on the docket of this case, nor has he appeared before the court.

2

court's judgment and order; (3) prospective fines of sufficient size to coerce defendant to comply with the court's judgment and order, such as $5,000 for every day defendant operates rental boats on Lake Tahoe without a permit issued by plaintiff; (4) compensatory sanctions to compensate plaintiff's losses in enforcement expenses and staff time; (5) plaintiff's attorneys' fees for bringing this motion; and (6) all further relief the court deems necessary to ensure compliance with its judgment and order. (*Id.* at 2.) Defendant filed no response to plaintiff's motion. At the March 17, 2025 hearing on the motion, neither defendant nor defense counsel appeared.

On March 18, 2025, the court granted plaintiff's motion for order to show cause why defendant should not be held in civil contempt. (Doc. No. 38.) In that order, the court set a hearing on the order to show cause for May 5, 2025, required plaintiff to personally serve defendant or make best efforts to do so, set opposition and reply deadlines, and warned that failure to file an opposition and/or failure to appear at the scheduled hearing could result in the court finding defendant in civil contempt without further notice being given. (*Id.* at 2–3.) On April 7, 2025 and April 30, 2025, plaintiff filed affidavits detailing the best efforts undertaken to serve and notify defendant of the hearing. (Doc. No. 40, 41.) Defendant filed no opposition to the order to show cause. As noted above, neither defendant nor his counsel of record appeared at the May 5, 2025 hearing despite having been specifically ordered to do so.

## LEGAL STANDARD

"[D]istrict courts have power to enforce their own orders and to adjudge anyone in civil contempt who . . . violates such orders." *Davis v. Grossmont Union High Sch. Dist.*, 930 F.2d 1390, 1393 (9th Cir. 1991). Civil contempt does not require a finding of willfulness. *Taggart v. Lorenzen*, 587 U.S. 554, 561 (2019). "[T]he purpose of civil sanctions is to 'coerce' compliance with a court order or to 'compensate' the aggrieved party for sustained losses." *Oracle USA, Inc. v. Rimini St., Inc.*, 81 F.4th 843, 858 (9th Cir. 2023). A court may not issue contempt sanctions "when the contested action was 'based on a good faith and reasonable interpretation' of the court's order, when the contested action was in 'substantial compliance' with the order, or when there was only a 'technical violation' of the order." *Id.* at 851. "A party moving for civil contempt must prove that the non-moving party has violated a court order by clear and

convincing evidence." *Ahearn ex rel. NLRB v. Int'l Longshore and Warehouse Unions, Locals 21 and 4*, 721 F.3d 1122, 1129 (9th Cir. 2013).

## ANALYSIS

**A.    Contempt**

The court first turns to whether plaintiff has proven by clear and convincing evidence that defendant violated the court's order. *Ahearn ex rel. NLRB*, 721 F.3d at 1129. The court's order and judgment "permanently enjoined" defendant "from operating a rental concession without a permit and from anchoring or mooring any watercraft that he owns or controls in the waters of Lake Tahoe, except for moorings that have been approved by plaintiff Tahoe Regional Planning Agency[.]" (Doc. No. 31 at 2.) Through affidavits and exhibits, including photographs of defendant's unauthorized activities, plaintiff has presented clear and convincing evidence that defendant has continued to operate a rental concession without a permit and anchor or moor his watercrafts in the waters of Lake Tahoe without approval in violation of the court's order and judgment. (Doc. Nos. 36-3 at 2; 36-4 at 2–3; 36-5 at 2–3; 36-6 at 2–4.) Therefore, plaintiff has proven by clear and convincing evidence that defendant violated the court's order and judgment.

"[I]f a defendant's action appears to be based on a good faith and reasonable interpretation of (the court's order), he should not be held in contempt." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 953 (9th Cir. 2014) (citation omitted). This "exception only applies where a defendant's interpretation is 'reasonable.'" *Id.* Here, no reasonable interpretation of the court's order could justify defendant's actions.

"[T]he substantial compliance defense excuses an alleged contemnor who, despite not achieving total compliance, has achieved near-total compliance through the exhaustion of all reasonable efforts." *Coleman v. Newsom*, 131 F.4th 948, 956 (9th Cir. 2025). The Ninth Circuit assesses substantial compliance by asking two questions. *Id.* "First, what were the obligations with which the [alleged contemnor] was required to comply?" *Id.* "Second, did the [alleged contemnor] substantially comply with those obligations by taking all reasonable steps to comply, leaving only 'technical or inadvertent' violations?" *Id.* Taking "many steps to pursue compliance" is insufficient because "a contemnor bears the heavier burden of showing that it took

4

*all* reasonable steps to comply with court orders." *Id.* at 957–58 (citation omitted). The contemnor cannot make this showing if it "neglected to pursue certain reasonable steps that were available to it." *Id.* at 958. Here, defendant has not substantially complied with the court's order or judgment because his violations of that order and judgment were not technical or inadvertent, and he did not take all reasonable steps to comply. One reasonable step he obviously has not taken is to cease operating his boat rental concession business in the waters of Lake Tahoe.

"Inability to comply with an order is a complete defense to a charge of contempt." *Id.* at 959 (citation omitted). Here, defendant was not unable to comply with the court's order. Compliance merely required him to cease his unlicensed activities.

Because plaintiff has proven by clear and convincing evidence that defendant violated the court's order and judgment and that no exception applies, the court finds defendant in civil contempt.

**B.      Sanctions**

   1.      Due Process

Due process for civil sanctions is satisfied when the court issues a show-cause order informing the alleged contemnor "of the basis" for the "contempt finding and" giving them "an opportunity to respond[.]" *Athena Cosms., Inc. v. Amn Distribution, Inc.*, No. 22-55159, 2023 WL 370982, at *2 (9th Cir. Jan. 24, 2023).[3] Here, the court issued a show-cause order informing defendant of the basis for the contempt finding and providing defendant an opportunity to respond in writing and in person at a show-cause hearing. (Doc. No. 38 at 2–3.) Therefore, the due process requirements of civil sanctions are satisfied.

   2.      Civil Sanctions

"A sanction generally is civil if it coerces compliance with a court order." *Coleman*, 131 F.4th at 962 (citation omitted). "A criminal sanction, in contrast, generally seeks to punish a completed act of disobedience." *Id.* (citation omitted). "Generally speaking, the imposition of non-compliance fines following a failure to purge[, i.e., reduce or avoid the fines through

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

5

compliance,] is a coercive, civil remedy." *Id.* (citation omitted). "Thus, the ability to purge is perhaps the most definitive characteristic of coercive civil contempt." *Id.* (citation omitted). "[A] purgeable civil fine is one that is forward-looking and conditional, allowing the contemnor to avoid its imposition by altering some behavior." *Id.* (citation omitted). "[F]alling into [this] camp is a *per diem* fine imposed for each day a contemnor fails to comply with an affirmative court order." *Id.* at 962–63 (emphasis added) (citation omitted). "Such a fine is fundamentally coercive and civil because, so long as the jural command is obeyed, the future, indefinite, daily fines are purged." *Id.* at 963 (citation omitted). "So long as a contemnor has an initial opportunity to reduce or avoid the initial imposition of a fine, the contemnor need not be afforded a second, subsequent opportunity to reduce or avoid the fine that was already imposed." *Id.* (citation omitted). Furthermore, "[a]lthough civil sanctions typically coerce 'future compliance with a court order' and are 'avoidable through obedience,' they may be nonconditional and instead 'compensate the complainant for losses sustained.'" *Athena Cosms., Inc.*, 2023 WL 370982, at *2 (citations omitted). For instance, awarding reasonable attorneys' fees incurred to bring a motion for contempt is remedial and properly characterized as civil. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 n.5 (9th Cir. 2006).

Here, plaintiff requests prospective fines of sufficient size to coerce defendant to comply with the court's judgment and order, such as $5,000 for each day defendant operates rental boats on Lake Tahoe without a permit from plaintiff; compensatory sanctions to compensate plaintiff's losses in enforcement expenses and staff time; and compensatory sanctions in the form of plaintiff's attorneys' fees for bringing this motion. (Doc. No. 36 at 2.) These requested sanctions are either purgeable and coercive or compensatory such that they are properly considered civil.

3. <u>Fines</u>

"[I]n determining how large a coercive sanction should be the court should consider the 'character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction.'" *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citation omitted). "[I]n fixing the amount of a fine to be imposed as a means of securing future compliance, courts must consider the amount of the defendant's

6

1  financial resources and the consequent seriousness of the burden to that particular defendant."
2  *Coleman*, 131 F.4th at 964–65 (citation omitted).  The court must "provide a reasoned
3  consideration of all of these criteria."  *Id.* at 965.

4  When awarding sanctions, a "district court should clarify whether the . . . sanction is
5  intended to be compensatory or coercive."  *Gen. Signal Corp.*, 787 F.2d at 1380.  "If the fine, or
6  any portion of the fine, is coercive, it should be payable to the court, not" the opposing party.  *Id.*
7  "If compensatory, the award should be payable to [the plaintiff] and based on evidence of [the
8  plaintiff's] actual losses."  *Id.*

9  Here, the harm of continued contumacy includes the flouting of plaintiff's authority and
10 continued financial harm to plaintiff.  (Doc. No. 36-2 at 2.)  Further, a coercive sanction is only
11 likely to be effective if it largely offsets the value of continued contumacy.  Plaintiff has
12 presented evidence that "a full day boat rental on Lake Tahoe for the types of boats owned and
13 operated by Danil Reziapkine is $1,800 per day."  (*Id.*)  Further, evidence presented by plaintiff
14 establishes that defendant has owned or controlled, alone or in concert with one or more others,
15 nine identified boats, which he used for his unpermitted boat rental concession during the 2024
16 boating season.  (Doc. No. 36-3 at 2–3.)  Based on these figures, to coerce defendant, the court
17 finds plaintiff's requested prospective fine of $5,000 per day of non-compliance is appropriate.
18 (Doc. No. 36 at 2.)  In light of the lucrative nature of defendant's unlicensed activities, such a fine
19 is not too burdensome to defendant but rather offsets the benefit defendant obtains through his
20 unlicensed activities.

21 As a result of defendant's engagement in unlicensed activities, plaintiff has incurred
22 $2,099 in costs.  (Doc. No. 36-2 at 2.)  Therefore, the court will also order compensatory
23 sanctions payable to plaintiff in the amount of $2,099.

24 "[I]n civil contempt actions, a court may assess attorneys' fees as part of the fine to be
25 levied on the defendant."  *California v. Del Rosa*, No. 2:23-cv-00743-KJM-SCR, 2024 WL
26 4818837, at *1 (E.D. Cal. Nov. 18, 2024) (quoting *Donovan v. Burlington N., Inc.*, 781 F.2d 680,
27 682 (9th Cir. 1986)); *see also Mercedes-Benz Grp. AG v. A-Z Wheels LLC*, No. 16-cv-00875-JLS-
28 MDD, 2022 WL 2276907, at *4 (S.D. Cal. June 23, 2022) ("Finally, the Court finds it appropriate

7

1  to award Plaintiff its reasonable attorneys' fees and costs in pursuing the instant contempt
2  proceedings against Defendants."); *Just Goods, Inc. v. Eat Just, Inc.*, No. 23-16100, 2024 WL
3  4850827, at *3 (9th Cir. Nov. 21, 2024) (affirming district court's decision finding appellants in
4  contempt, imposing a *per diem* fine, and awarding attorneys' fees). "[A]ttorneys' fees in a civil
5  contempt proceeding are limited to those reasonably and necessarily incurred in the attempt to
6  enforce compliance." *AECOM Energy & Constr., Inc. v. Ripley*, No. 2:17-cv-05398-RSW-LSS,
7  2018 WL 3250442, at *1 (C.D. Cal. July 3, 2018) (quoting *Abbott Labs. v. Unlimited Beverages,*
8  *Inc.*, 218 F.3d 1238, 1242 (11th Cir. 2000)).

      Here, attorneys' fees are an appropriate compensatory sanction. However, plaintiff has not yet provided the court with information necessary to determine the attorneys' fees plaintiff reasonably and necessarily incurred in bringing the pending motion. (Doc. No. 36-1 at 9.) Therefore, plaintiff will be afforded an opportunity to file a fully supported motion for attorneys' fees.

## CONCLUSION

For the reasons discussed above,

1. The court finds defendant Danil Reziapkine in civil contempt of this court for his failure to comply with the court's order and judgment (Doc. Nos. 31, 32);

2. Defendant shall pay to the Clerk of the Court a coercive sanction of $5,000 for each day following this order that defendant operates rental boats on Lake Tahoe without a permit from plaintiff, to be paid within thirty (30) days of the respective violation;

    a. Plaintiff may file a motion to enforce this coercive sanction, and any such motion shall include evidence that defendant has operated rental boats on Lake Tahoe without a permit on identified dates;

3. Defendant shall pay compensatory sanctions to plaintiff in the amount of $2,099 within thirty (30) days of the date of entry of this order;

/////

/////

8

4. Plaintiff shall file a motion for attorneys' fees incurred in bringing the motion for order to show cause (Doc. No. 36) within thirty (30) days of the date of entry of this order;

5. Plaintiff shall make best efforts to personally serve defendant with this order and file a declaration confirming service was effected; and

6. Under the unusual circumstances of this case, plaintiff is authorized to effect service through the assistance of local law enforcement and/or the Coast Guard so long as plaintiff files a declaration confirming how and by whom service of this order was effected upon defendant.

IT IS SO ORDERED.

Dated:   **May 6, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE