UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHOE REGIONAL PLANNING AGENCY,<br><br>              Plaintiff,<br><br>      v.<br><br>DANIL REZIAPKINE,<br><br>              Defendant. | No.  2:21-cv-02235-DAD-JDP<br><br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br><br>(Doc. No. 44) |

On July 21, 2023, the court adopted the magistrate judge's findings and recommendations and granted plaintiff Tahoe Regional Planning Agency's motion for default judgment.  (Doc. No. 31.)  On May 7, 2025, the court held defendant Danil Reziapkine in civil contempt due to his failure to comply with the court's order.  (Doc. No. 43.)  On June 6, 2025, plaintiff filed the pending motion for attorney's fees.  (Doc. No. 44.)  On September 4, 2025, defendant Reziapkine filed a *pro se* motion to vacate or modify the court's contempt order and a motion to set aside the default judgment, both of which plaintiff has opposed.  (Doc. Nos. 47, 48, 50, 51.)  Defendant later filed a motion to strike plaintiff's declaration and a motion for sanctions in addition to a motion for evidentiary hearing.  (Doc. Nos. 53, 56.)  On November 18, 2025, plaintiff filed a motion to strike contending that defendant Reziapkine's *pro se* filings were improper.  (Doc. No. 58.)

1

In light of the various motions filed in this action after plaintiff's motion for attorney's fees was filed, in the interest of conserving judicial resources and avoiding piecemeal adjudication, plaintiff's motion for attorney's fees (Doc. No. 44) is DENIED without prejudice to its renewal and/or supplementation following the court's ruling on the parties subsequently filed motions that remain pending before the court.[1]

IT IS SO ORDERED.

Dated:    **March 23, 2026**                              _Dale A. Drozd_
                                                          DALE A. DROZD
                                                          UNITED STATES DISTRICT JUDGE

---

[1]  In addition, depending on how the other pending motions are resolved, plaintiff may wish to supplement its motion for attorney's fees in light of the additional hours expended in connection with those morions. *See Fraley v. City of Henderson*, No. 2:04-cv-1032-KJD-RJJ, 2006 WL 8442784, at *1 (D. Nev. Feb. 15, 2006) ("Rather than awarding attorneys' fees in a piecemeal fashion at each stage of the litigation, the Court will deny Defendants' motion without prejudice. At the conclusion of litigation, the Court will weigh the totality of the circumstances in deciding to whom attorney's fees should be awarded and in what amount.")

2