UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHOE REGIONAL PLANNING AGENCY,

Plaintiff,

v.

DANIL REZIAPKINE,

Defendant.

No. 2:21-cv-02235-DAD-JDP

ORDER DENYING DEFENDANT'S MOTIONS TO VACATE OR MODIFY CONTEMPT ORDER, TO SET ASIDE DEFAULT JUDGMENT, TO STRIKE DECLARATION AND FOR SANCTIONS, AND FOR EVIDENTIARY HEARING, AND DENYING PLAINTIFF'S MOTION TO STRIKE IMPROPER FILINGS

(Doc. Nos. 47, 48, 53, 56, 58)

This matter is before the court on defendant's motions to vacate or modify the contempt order (Doc. No. 47), to set aside default judgment (Doc. No. 48), to strike declaration and for sanctions (Doc. No. 53), and for evidentiary hearing (Doc. No. 56), and on plaintiff's motion to strike improper *pro se* filings (Doc. No. 58). Only the last of these motions was noticed for a hearing, and it was taken under submission on January 21, 2026. (Doc. No. 59.) For the reasons explained below, all of the pending motions will be denied.

**BACKGROUND**

Plaintiff Tahoe Regional Planning Agency filed a complaint against defendant Danil Reziapkine initiating this action on December 3, 2021. (Doc. No. 1.) On November 1, 2022, the

Clerk of Court entered default against defendant. (Doc. No. 20.) On December 28, 2022, defendant by and through counsel attempted to file an answer to the complaint.[1] (Doc. No. 21.) On January 18, 2023, plaintiff filed a motion to strike defendant's answer (Doc. No. 22), defendant did not file an opposition to the motion to strike, and on March 21, 2023, defendant did not appear through counsel or otherwise at the hearing on the motion to strike (Doc. No. 25). The motion to strike defendant's answer was granted. (*Id.*)

On April 21, 2023, plaintiff filed a motion for default judgment. (Doc. No. 26.) Defendant filed no response, did not appear through counsel or otherwise at the June 1, 2023 hearing on the motion, and did not file objections to the magistrate judge's findings and recommendations. (Doc. No. 28.) On July 21, 2023, plaintiff's motion for default judgment was granted. (Doc. No. 31.) In that order, the court permanently enjoined defendant from "operating a rental concession without a permit and from anchoring or mooring any watercraft that he owns or controls in the waters of Lake Tahoe, except for moorings that have been approved by plaintiff Tahoe Regional Planning Agency" and ordered that defendant pay $75,000 in civil penalties. (Doc. No. 31 at 2.) In accordance with this order, judgment was entered. (Doc. No. 32.) On February 4, 2025, plaintiff filed a motion for order to show cause why defendant should not be held in contempt for failure to comply with the court's order and judgment. (Doc. No. 36.) On March 18, 2025, the court ordered defendant to show cause, either in writing or at the hearing set by the court, why he should not be held in civil contempt for violating the court's judgment. (Doc. No. 38.) The court also ordered defendant's counsel of record, attorney Joe M. Laub, to show cause why sanctions should not issue against him for failure to appear and failure to respond to court orders. (Doc. No. 37.) On May 5, 2025, the court held a hearing on the orders to show cause. (Doc. No. 42.) Neither defendant nor attorney Laub filed a response to the court's orders to show cause, nor did they appear at the May 5, 2025 hearing. At the May 5, 2025 hearing, the court imposed a compensatory fine on attorney Laub for failure to comply with court

/////

---

[1] Since this filing, attorney Laub has not filed anything on the docket of this case, nor has he appeared before the court.

orders and failure to appear. (Doc. No. 42.) On May 7, 2025, the court held defendant in civil contempt for his failure to comply with the court's order and judgment. (Doc. No. 43.)

Commencing on September 4, 2025, defendant filed several *pro se* motions. On September 4, 2025, defendant filed a motion to vacate or modify the court's contempt order (Doc. No. 47) and a motion to set aside the default judgment (Doc. No. 48). On November 4, 2025, defendant filed a motion to strike the declaration of Walter Goodrich and a motion for sanctions. (Doc. No. 53.) On the same day, he filed a motion for evidentiary hearing. (Doc. No. 56.) On November 18, 2025, plaintiff filed a motion to strike defendant's purportedly improper *pro se* filings. (Doc. No. 58.) All of the motions are fully briefed. (Doc. Nos. 50, 51, 54, 55, 58-1, 58-2.)

## ANALYSIS

### A. Plaintiff's Motion to Strike Improper *Pro Se* Filings

Plaintiff argues that defendant remains represented by counsel, attorney Joe Laub, and therefore his *pro se* filings should be stricken as improper. (Doc. No. 58.)

On May 5, 2025, the court imposed sanctions against attorney Laub for failure to comply with court orders and failure to appear. (Doc. No. 42.) Further, plaintiff's counsel has filed with the court an email exchange from April 28, 2026, in which attorney Laub stated that the last communication he had with defendant was in July 2023, and at that time defendant was very hostile towards the law firm. (Doc. No. 41-3 at 2.) Finally, defendant has consistently attempted to file *pro se*. (Doc. Nos. 47, 48, 53, 56.) Under these circumstances, the court will terminate attorney Laub as defendant's attorney, despite his failure to properly seek withdrawal, and will address defendant's numerous *pro se* filings on the merits.

### B. Defendant's Motion for Evidentiary Hearing on Service of Process and Personal Jurisdiction

Defendant argues pursuant to Federal Rule of Civil Procedure 12(i) that he is entitled to an evidentiary hearing on the issues of service of process and personal jurisdiction. (Doc. No. 56 at 1.) Plaintiff is correct in arguing that "the 'hearing' requirement does not require an oral hearing." *McCarthy v. Intercontinental Exch., Inc.*, No. 23-3458, 2024 WL 5040460, at *2 (9th

Cir. Dec. 9, 2024), *cert. denied,* 145 S. Ct. 2850 (2025).[2] Accordingly, because "[b]oth sides have submitted evidence and fully briefed the question[,] . . . [a]lthough the Court has not heard oral argument, the parties have been sufficiently heard for purposes of Rule 12(i)." *Denari v. U.S. Dry Cleaning Servs. Corp.*, No. 1:17-cv-00031-AWI-BAM, 2017 WL 2779051, at *4 n.2 (E.D. Cal. June 27, 2017).

"[A] defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). Here, defendant filed a defective answer (Doc. No. 21), which establishes that he had notice of the original proceeding. Accordingly, it is defendant's burden to prove that service did not occur, and defendant has not done so here.

Defendant argues that plaintiff cannot attempt service in two different ways (Doc. No. 56 at 3), but plaintiff withdrew its motion to serve by publication after personal service was accomplished. (Doc. Nos. 16, 17.) Defendant further argues that plaintiff's affidavit regarding service failed to identify the server, the recipient, or any proper location for delivery under Federal Rule of Civil Procedure 4(e)(2). (Doc. No. 56 at 3.) However, the server's declaration does include his name, marks the box for personal service upon the defendant, and states that defendant was served at Camp Richardson Marina. (Doc. No. 16 at 2.) Federal Rule of Civil Procedure 4(e)(2)(A) requires only that a copy of the summons and of the complaint be delivered to the individual personally without regard to where that service takes place. Defendant provides the court with no reason to believe that he was not properly personally served at the outset of this action.

**C. Motion to Strike Declaration of Walter Goodrich and Motion for Sanctions**

Defendant's motion to strike (Doc. No. 53) concerns a declaration filed in a related action to substantiate service of process on August 15, 2025. (*Tahoe Regional Planning Agency v.*

---

[2] Citations to the unpublished Ninth Circuit opinions throughout this order are appropriate pursuant to Ninth Circuit Rule 36-3(b).

*Reziapkine, et al.*, No. 2:24-cv-02862-DAD-JDP, Doc. No. 32-1.) In this action, return of service indicates that defendant was personally served on August 21, 2022. (Doc. No. 16 at 2.) Because the Declaration of Walter Goodrich was not filed in this action and does not appear relevant to evaluating service of process in this action, the court will deny defendant's motion to strike and for sanctions. *See Chisom v. California*, No. 18-cv-06899-EMC, 2019 WL 499745, at *2 (N.D. Cal. Feb. 8, 2019) ("Mr. Chisom's motion to amend his complaint is DENIED because it was filed in the wrong action.").

**D. Defendant's Motion to Vacate or Modify the Court's Contempt Order**

Defendant argues in a summary fashion that the court should vacate or modify its contempt order because plaintiff did not properly serve or provide notice to defendant. (Doc. No. 47 at 2.) Defendant next argues that the contempt order rests on defendant having ignored or disobeyed the court when in reality he was never informed that such orders existed. (*Id.*) Finally, defendant argues that the order should be modified to remove coercive or punitive measures imposed without due process. (*Id.*)

In opposition, plaintiff argues that defendant's defective answer to plaintiff's complaint raised no objection to service of process. (Doc. No. 50 at 5.) Plaintiff further argues that effectiveness of service of the contempt order in no way impacts the validity of the contempt order itself. (*Id.*) Next, plaintiff argues that its correspondence with defendant's former attorney, attorney Laub, indicates that defendant was aware of the default judgment at its time of entry but chose not to promptly move, by counsel or otherwise, to set it aside. (*Id.* at 6.) Finally, plaintiff argues that the court previously determined that the due process requirements to impose civil contempt sanctions had been satisfied. (*Id.* at 7.)

Because defendant claims without support or explanation that service of process was defective, the court finds that he has not met his burden in this regard, and the court must therefore reject his argument. *See S.E.C.*, 509 F.3d at 1165.

With regard to defendant's next argument, that he was not aware that the default judgment existed, the evidence before the court reflects otherwise. On August 31, 2023, one month after the court granted plaintiff's motion for default judgment (Doc. No. 31), another attorney

contacted attorney Laub, representing that he was counsel for defendant and stating that defendant wanted to retain the attorney "to attempt to set aside the Judgment[.]" (Doc. No. 41-3 at 3.) Accordingly, the court finds that defendant was aware of the default judgment against him at or near the time that it was entered, yet failed to comply.

Finally, the court's prior order imposed only civil sanctions, and in that order the court determined that it had satisfied the due process requirements of civil sanctions. (Doc. No. 43 at 5.) Defendant's argument does not alter the court's view in this regard.

**E. Defendant's Motion to Set Aside Default Judgment**

Defendant again argues that the default judgment should be set aside because plaintiff never properly served or notified defendant. (Doc. No. 48 at 3.) Defendant further argues that he relied on good faith representations from counsel that no default had been entered and that the case had been resolved, and it would be manifestly unjust to allow a default judgment and contempt order to stand where defendant was never informed of the proceedings and had no chance to be heard. (*Id.*)

For the same reasons discussed previously, the court is not persuaded by defendant's argument with regard to service of process. In light of the evidence discussed above, which establishes that defendant was aware of the default judgment at or around the time it was issued, and due to defendant's failure to provide to the court with any purportedly misleading communications he received from an attorney as he suggests, the court cannot set aside the judgment due to his purported reliance on representations from counsel. Finally, because the evidence before the court indicates that defendant did have notice of the default judgment and because the court attempted to provide defendant a chance to be heard prior to the imposition of sanctions, the court is not persuaded by defendant's argument that the court's prior orders are manifestly unjust.[3]

/////

/////

---

[3] Plaintiff argues that defendant's motion is also untimely. (Doc. No. 51 at 5.) The court finds that defendant's motion must be denied regardless of its timeliness.

**CONCLUSION**

For the reasons discussed above,

1. The Clerk of the Court is directed to TERMINATE attorney Joe M. Laub as the counsel of record for defendant Danil Reziapkine;
2. Attorney Joe M. Laub shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of any unearned fees;
3. The Clerk of the Court is also directed to ENTER the following contact information (*see* Doc. No. 56 at 1) as the address of record for defendant Danil Reziapkine who is proceeding *pro se* before this court;

   Danil Reziapkine
   2480 Armstrong Ave
   South Lake Tahoe, CA 96150
   916-397-4453
   Email: d_reziapkine@yahoo.com

4. Defendant's motion to vacate or modify the court's contempt order (Doc. No. 47) is DENIED;
5. Defendant's motion to set aside default judgment (Doc. No. 48) is DENIED;
6. Defendant's motion to strike and motion for sanctions (Doc. No. 53) is DENIED;
7. Defendant's motion for evidentiary hearing (Doc. No. 56) is DENIED;
8. Plaintiff's motion to strike improper *pro se* filings (Doc. No. 58) is DENIED; and
9. The Clerk of the Court is directed to SERVE this order on defendant by mail.

IT IS SO ORDERED.

Dated: **September 29, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE